## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| CATRINA PATRICIA WEEDON, | ) | No. 0:11-cv-02971-DCN-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the magistrate judge's Report and Recommendation (R&R) that this court affirm the administrative law judge's (ALJ) decision denying plaintiff's application for disability insurance benefits (DIB) and Supplemental Security Income (SSI).  Plaintiff filed objections to the R&R.  For the reasons set forth below, the court adopts the R&R and affirms the ALJ's decision.

## I.  BACKGROUND

### A.  Procedural History

The court accepts the magistrate judge's findings of fact to the extent that plaintiff does not object to them.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  Plaintiff Catrina Patricia Weedon filed an application for DIB and SSI on April 13, 2007, alleging a disability onset date of January 27, 2005 due to degenerative disc disease and borderline intellectual functioning.  Tr. 21.  Weedon's claim was denied initially and

---

[1] Carolyn W. Colvin is substituted for Michael J. Astrue as the named defendant because she became the Acting Commissioner of Social Security on February 14, 2013.  See Fed. R. Civ. P. 25(d).

upon reconsideration by the Social Security Administration.  Id.  She requested a hearing before an ALJ and a hearing was held on September 3, 2009.  Id.

The ALJ employed a five-step sequential evaluation process to determine whether Weedon was disabled during the period at issue.  Tr. 22.  The ALJ found that:  (1) Weedon did not engage in substantial gainful activity during the period at issue; (2) she suffered from the severe impairments of degenerative disc disease of the lumbar spine and borderline intellectual functioning; (3) she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments found at 20 C.F.R. part 404, subpart P, appendix 1; (4) she was unable to perform past relevant work but had the RFC to perform a range of light work with certain restrictions; and (5) she could perform jobs existing in significant numbers in the national economy. Tr. 23-31. As a result of her findings, the ALJ determined, in a written opinion issued on November 20, 2009, that Weedon was not disabled under the Social Security Act.  Tr. 21-31.  The Appeals Council denied review, rendering the ALJ's decision that of the Commissioner of Social Security.  Tr. 1.

On November 1, 2011, Weedon filed a federal complaint seeking review of the ALJ's decision.  Compl. 1-2.  In an additional filing captioned Memorandum in Support of Plaintiff's Complaint, Weedon argues that the ALJ:  (1) erred in finding that Weedon's mental condition did not meet the criteria of listing 12.05C; and (2) failed to consider the combined effect of Weedon's multiple severe impairments.  Pl.'s Mem. 11-15. Magistrate Judge Paige J. Gossett issued an R&R on January 31, 2013, recommending that the ALJ's decision was supported by substantial evidence and not contrary to law.

R&R 14.  Weedon now objects to the R&R on the sole ground that the ALJ erred in evaluating her mental condition under Listing 12.05C.  Pl.'s Obj. to R&R 1-2.

### B.  Weedon's Medical History

Weedon was born on March 23, 1977, and was thirty years old at the time she filed for DIB and SSI.  Tr. 76.   She attended high school through the eleventh grade and, after becoming pregnant with her oldest child, received a certificate of completion from her high school.  Tr. 46.  She has past work experience as a certified nursing assistant, a cashier, and a home health aide/housekeeper.  Tr. 171.

Weedon underwent IQ testing performed in October 1989, which yielded a verbal score of 82, performance IQ score of 69, and a full scale score of 74; she was assessed as functioning in the borderline intelligence range.  Tr. 335, 337.  Weedon submitted educational records which showed that she was classified as "learning disabled" at least as early as 1994 and was placed in special education classes.   Tr. 276.  Weedon underwent a psychological examination with Dr. Sherry Rieder, a state agency consultant, on June 28, 2007 in connection with her application for benefits.  Tr. 438.  Dr. Rieder reported that Weedon exhibited no psychomotor agitation or pain behaviors and her thought process was clear and intact, with no evidence of unusual or inappropriate content.  Id.  Weedon was polite and cooperative throughout the evaluation.  Id.  She also denied symptoms consistent with depression.  Id.  At the time of evaluation, Weedon was on bed rest due to her pregnancy, but reported that when not restricted she was able to perform all personal hygiene on her own without assistance or reminders.  Id.  Weedon could also perform most housekeeping tasks, with the exception of laundry as the loads were too heavy to lift, and sweeping, as it required too much twisting.  Id.  Weedon also

stated she was able to pay her own bills and count change.  Tr. 439.  Achievement testing showed that Weedon could read and spell on a second grade level and do math at a third grade level.  Tr. 440.  Weedon achieved a Verbal IQ score of 72, a Performance IQ score of 73, and a Full Scale IQ score of 70, which Dr. Rieder diagnosed as borderline intellectual functioning.  Tr. 439.  Dr. Rieder opined that Weedon was able to perform at least simple tasks.  Tr. 441.

On July 6, 2007, psychologist Dr. Judith Von completed a Psychiatric Review Technique Form and a Mental Residual Functional Capacity Assessment after reviewing the evidence in Weedon's file.  Tr. 442-459.  Dr. Von found that Weedon had moderate limitations on her ability to understand and remember detailed instructions, as well as her ability to carry out detailed instructions.  Tr.  456.  Dr. Von opined that Weedon may have difficulty with complex tasks, but should have the ability to perform simple tasks for two or more hours at a time without special supervision, attend work regularly, accept supervision, and make work-related decisions.  Tr. 458.  Dr. Von also stated that Weedon is suited for work with the general public.  Id.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected.  See id.  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate

judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  "Substantial evidence has been defined . . . as more than a scintilla, but less than [a] preponderance."  Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964).  In other words, "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence."  Hays, 907 F.2d at 1456.  Therefore, the court must uphold the Commissioner's decision, even if it disagrees.  Blalock, 483 F.2d at 775.

### III.   DISCUSSION

Weedon objects to the magistrate judge's R&R asserting the ALJ did not properly consider evidence of Weedon's past mental deficits when determining that Weedon's mental condition did not meet the requirements under Listing 12.05, the listing for mental retardation.  Pl.'s Obj. to the R&R 1-2.  Listing 12.05 of the Listing of Impairments states that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22."  20 C.F.R. Pt. 404, Subpt. P., App'x 1, § 12.05.  The required level of

severity for mental retardation can be met in one of four ways, which are described in 12.05A-D of the Listing.  An inquiry as to whether a claimant meets Listing 12.05C, the listing at issue in this case, has three prongs:  (1) whether the claimant has significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period (prior to age 22); (2) whether claimant has an IQ score between 60 and 70; and (3) whether there is a physical or mental impairment that imposes additional and significant work-related limitation of function.  20 C.F.R. Pt. 404, Subpt. P., App'x 1, § 12.05; see also Hancock v. Astrue, 667 F.3d 470, 473 (4th Cir. 2012).

At issue in this appeal is whether Weedon's condition satisfies the first prong of Listing 12.05.  Weedon argues that the ALJ failed to properly weigh evidence that showed deficits in adaptive functioning that were manifested prior to age 22.  Pl.'s Obj. 2.  Adaptive functioning deficits "can include limitations in areas such as communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety."  Jackson v. Astrue, 467 Fed. App'x. 214, 218 (4th Cir. 2012) (citing Atkins v. Virginia, 536 U.S. 304, 309 n.3 (2002)).  A finding, supported by substantial evidence, that either there are "no deficits in adaptive functioning generally" or that there was no deficiency manifested prior to age 22 would support a conclusion that Weedon did not satisfy this first prong. Hancock, 667 F.3d at 475.

In Harts v. Astrue, the magistrate judge found that deficits in adaptive functioning did not exist where the claimant was able to live most of the time on his own, drive himself, fix small meals, dress himself, socialize with friends, and manage his own

6

money.  Harts v. Astrue, No. 10-cv-1893, 2012 WL 529982, *6 (D.S.C. Jan. 30, 2012),

R&R adopted by 2012 WL 529980.  Though school records demonstrating the claimant's

low marks were submitted later, the magistrate judge determined they did not render the

ALJ's decision unsupported as evidence showed no current deficit in adaptive

functioning, "the second criterion in the introductory paragraph of 12.05."  Id. at *7.  In

Hancock, the Fourth Circuit affirmed a denial of benefits where evidence showed

claimant managed the household, cared for three young children, and was pursuing a

GED.  Id. at 474-76.  The Fourth Circuit believed that this evidence supported the ALJ's

decision that claimant's IQ score was belied by her higher adaptive functioning, even

though claimant presented educational records with poor grades.  Id. at 476.

 Despite Weedon's educational records, which reflect her enrollment in special

education classes due to learning disabilities, the balance of the record provides

substantial evidence to support the ALJ's conclusion that Weedon does not exhibit

deficits in adaptive functioning.  As the ALJ discussed in her opinion, Weedon lives

independently while serving as the main caretaker for her three children, is able to

manage her own finances, and has a significant work history, including semi-skilled work

as a certified nursing assistant.  Tr. 26.  Additionally, the ALJ gave weight to the fact that

Weedon created a school fund for her child through her own initiative from the proceeds

of a workers' compensation award.  Id.

 The court concludes that substantial evidence supported the ALJ's conclusion that

Weedon does not suffer from adaptive functioning deficits and therefore does not meet

Listing 12.05C.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R

and **AFFIRMS** the Commissioner's decision.

        **AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 28, 2013**
**Charleston, South Carolina**